# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARY JO TAYLOR, as mother and next friend
of her children, J.T, U.T. and T.T.; et al., and on
behalf of all others similarly situated,

      Plaintiffs,

      vs.                                                          No. CIV 98-1382 JC/DJS

GARY JOHNSON, Governor of the State of
New Mexico, and J. ALEX VALDEZ,
Secretary of the New Mexico Human Services
Department, in their official capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion to Dismiss the Injunctive and Declaratory Relief Claims *(Doc. 50)*, filed April 19, 1999; Defendants' Rule 19 Motion to Join Parties Needed for Just Adjudication *(Doc. 54)*, filed April 20, 1999; and Defendant Gary Johnson's Motion to Dismiss Corrected First Amended Complaint *(Doc. 67)*, filed May 4, 1999. The Court has reviewed the motions, the memoranda submitted by the parties, and the relevant authorities. The Court finds that the motions are not well taken and will be denied.

**I.**      **Background**

This action was filed as a class action suit against the Governor of the State of New Mexico and the Secretary of the New Mexico Human Services Department in their official capacities. Plaintiffs allege that they are bringing this suit as representatives of children who suffer from serious

medical conditions and are eligible to receive Medicaid-funded services under the State of New Mexico's Medicaid managed care system. Plaintiffs seek injunctive and declaratory relief, as well as costs and reasonable attorney fees, in this action.

Only three of Plaintiffs' claims remain before this Court following my March 22, 1999 order remanding the state law claims to the state court. The remaining federal claims allege violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, violation of Title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396u, and violation of procedural due process under the Fourteenth Amendment. Plaintiffs' claims, briefly stated, allege that the State of New Mexico's administration of its Medicaid managed care program discriminates against seriously disabled children by denying them access to needed care, fails to provide the amount and range of care required under the Social Security Act, and fails to provide the procedural protections required by federal law.

Defendants move to dismiss the claims for declaratory and injunctive relief on the grounds that money damages can serve as an adequate remedy for any alleged deprivations to them. Defendants also raise mootness and standing issues, claiming that there is no actual case or controversy because the alleged violations occurred in the past as to these particular plaintiffs. Defendants also seek to join three managed health care contractors as necessary parties under Rule 19 of the Federal Rules of Civil Procedure.[1] Defendant Gary Johnson moves to dismiss claims brought against him in his official capacity on the grounds that Plaintiffs have failed to show a sufficient connection between his

---

[1] Defendants originally moved to join six organizations. On May 3, 1999, Defendants withdrew their Rule 19 motion as it pertained to three behavioral health organizations. *See* Def.'s Partial Withdrawal of Rule 19 Motion *(Doc. 66)*, filed May 3, 1999.

conduct and the alleged violations. Because each of the motions involve distinct issues, I will analyze each motion separately.

**II.     Motion to Dismiss the Declaratory and
          Injunctive Relief Claims**

Defendants' motion to dismiss appears to be a "hybrid" motion alleging failure to state a claim under Rule 12(b)(6), lack of subject matter jurisdiction under Rule 12(b)(1), and lack of standing on the part of the named plaintiffs. In ruling on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiffs and take the allegations asserted in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A motion to dismiss for failure to state a claim should be granted only if the plaintiffs do not sufficiently plead a set of facts that would entitle the plaintiffs to the relief sought. *See Smith v. Colorado Dep't of Corrections*, 23 F.3d 339, 340 (10th Cir. 1994). However, when a defendant raises a 12(b)(1) motion to dismiss on the basis of lack of subject matter jurisdiction and challenges the factual basis for jurisdiction, a court may examine the factual basis of the jurisdictional allegations without converting the motion to a Rule 56 motion for summary judgment. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

Plaintiffs assert that they are eligible for Medicaid services, but that they have been deprived of this property right without due process of law as a result of administrative deficiencies of the managed care program. Recipients of government benefits may have a property right to the continuation of those benefits. *See Goldberg v. Kelly*, 397 U.S. 254, 264 (1970). Whether Plaintiffs have been provided the appropriate procedural protections is a question that must be analyzed using the balancing test of *Mathews v. Eldridge*, 424 U.S. 319 (1976). Here, Plaintiffs are claiming, among other things, that they have little or no opportunity to contest or otherwise appeal benefit denials that

are often made informally by the managed care organizations. Plaintiffs also claim that the procedures, or lack of appropriate procedures, discriminate against the seriously ill by denying them the appropriate level of care in a timely manner.

Defendants do not challenge the sufficiency of these allegations in stating a claim for prospective injunctive relief. Instead, Defendants claim that because the named plaintiffs claim to have suffered injuries in the past because of these alleged procedural deficiencies, their claims do not justify prospective injunctive relief. I disagree. Plaintiffs claim to be representatives of a class of chronically ill individuals eligible for Medicaid-funded services. The Complaint alleges systemic administrative deficiencies, affecting essentially all such individuals. The controversy has not been mooted as to the class because the alleged administrative procedures have not been altered. Further, the controversy has not been mooted with respect to the named Plaintiffs because their claim for damages remains, and they continue to be subject to the burdens of the objectionable procedures whenever they file a claim for services. Alternatively, this case is a classic example of the "capable of repetition yet evading review" doctrine. *See Sosna v. Iowa*, 419 U.S. 393, 400-01 (1975). I conclude that the named plaintiffs have standing because they allege a cognizable injury in fact fairly traceable to the complained-of conduct, they are likely to experience similar conduct in the future, and the relief sought would redress their injury.

I also disagree with Defendants' position that Plaintiffs have an adequate post-deprivation remedy in monetary damages. This case is controlled by *Zinermon v. Burch*, 494 U.S. 113 (1990). Where procedural deficiencies leading to a deprivation can be foreseen, the existence of a post-deprivation remedy is not sufficient to deprive a plaintiff of a Section 1983 remedy. *See id.* at 135-37. Similarly, I disagree with the adequacy of the remedy at law. The Complaint alleges that

health problems may have been exacerbated by untimely medical care. There can be little doubt that money damages are not a complete remedy for good health. Further, Plaintiffs are likely to have great difficulty proving causation in order to recover monetary damages. Thus, their remedy at law is inadequate.

**III.     Motion to Dismiss Claims Against Gary Johnson**

I observe first that my disposition of this issue will have essentially no legal significance because the claims are brought against the Governor in his official capacity. Therefore, these claims are nothing more than claims brought against the state itself. *See Will v. Michigan Dep't of State Police*, 491 U. S. 58, 71 (1989). The claims brought against J. Alex Valdez are also official capacity claims. The State of New Mexico will be subject to the same legal consequences regardless of whether or not Gary Johnson remains a defendant.

Plaintiffs' complaint demonstrates a sufficient connection between Johnson's conduct and the implementation of the Medicaid managed care program that is the subject of this case. The Corrected First Amended Complaint ("Complaint") alleges that Johnson directed the Human Services Department ("HSD") to radically convert the state Medicaid program to a managed care system without taking the time to insure that adequate safeguards were in place to protect seriously ill children. *See* Complaint at ¶ 31. The Complaint also alleges that Governor Johnson was responsible for proposing adequate budgets, but instead created a program which emphasizes cost savings without commensurate protections for seriously ill children. *See id.* at ¶¶ 20, 32-38. The Complaint alleges sufficient personal involvement by Governor Johnson apart from his general duties as Governor to justify his joinder under the *Ex parte Young* fiction, 209 U.S. 123 (1908).

**IV.     Motion to Join Managed Care Contractors**

Defendants seek to join three managed care contractors as necessary parties under Rule 19 of the Federal Rules of Civil Procedure. Rule 19(a) requires that the court consider: (1) whether complete relief would be available to the parties already in the suit; (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired; and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations. *See Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F. 3d 1407, 1411 (10th Cir. 1996), *cert. denied*, 117 S. Ct. 1427 (1997).

Defendants point to the second and third grounds listed above. According to Defendants, the managed care contractors have an interest in this litigation through their contracts with HSD and that interest may be impaired by the outcome of this suit. Defendants also point out that HSD may be subject to multiple obligations (such as a breach of contract claim by the managed care providers) if HSD is required to alter any of its contractual obligations.

I disagree with Defendants' argument. Plaintiffs' Complaint does not seek to alter or cancel any of the present contracts. It appears that all of the relief sought by Plaintiffs can be provided without involving the managed care providers at all. For example, Defendants could simply exempt certain seriously ill Medicaid recipients from participation in the managed care programs or could provide an administrative procedure within HSD for appealing benefit denials in a timely manner. Although it may be beneficial for the managed care providers to have input in any remedial plan that might be required if Plaintiffs prevail, their participation is not essential. Because this Court can fashion appropriate relief without affecting the interests of the managed care providers, Defendants'

motion will be denied. However, the Court will entertain a motion by the managed care providers to submit *amicus* briefs on dispositive issues if they choose to do so.

Wherefore,

**IT IS ORDERED** that Defendants' Motion to Dismiss the Injunctive and Declaratory Relief Claims *(Doc. 50)*, filed April 19, 1999; Defendants' Rule 19 Motion to Join Parties Needed for Just Adjudication *(Doc. 54)*, filed April 20, 1999; and Defendant Gary Johnson's Motion to Dismiss Corrected First Amended Complaint *(Doc. 67)*, filed May 4, 1999, are **denied**.

DATED this 25th day of May, 1999.

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

    Dan Shapiro
    Shapiro and Bettinger, LLP
    Albuquerque, New Mexico

    Daymon B. Ely
    Albuquerque, New Mexico

    Peter Cubra
    Albuquerque, New Mexico

    Philip C. Gaddy
    Gaddy & Hall
    Albuquerque, New Mexico

Counsel for Defendants:

    Douglas A. Baker
    Allen C. Dewey, Jr.
    Patrick J. Rogers
    Special Assistant Attorneys General
    Albuquerque, New Mexico