# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARY JO TAYLOR, as mother and next friend of
her children, J.T., U.T., and T.T., et al.,

      Plaintiffs,

   -vs-                                                         No. CIV 98-1382 JC/DJS

GARY JOHNSON, Governor of the State
of New Mexico, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' Objections to Magistrate's Order *(Doc. 107)*, filed on October 12, 1999. The Court has reviewed the Objections, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiffs' Objections are not well taken and will be denied.

**I.    Standard of Review**

A district court must defer to a magistrate judge's ruling on a non-dispositive issue "unless it is clearly erroneous or contrary to law." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); FED. R. CIV. P. 72(a). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge does not act "contrary to law" where he acts within the discretion afforded a judicial officer. *See*

*United States v. Gioia*, 853 F. Supp. 21, 25-26 (D. Mass. 1994). A magistrate judge is afforded broad discretion in resolving non-dispositive discovery disputes, and the court will overrule his determination only if this discretion is abused. *See Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991) (citing *Detection Sys., Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982)).

## II.     Factual Background

On September 22, 1999, Magistrate Judge Svet heard argument on Defendants' Motion to Compel Production of Documents and Testimony or, in the Alternative, to Exclude Testimony ("Motion") (not filed), Exhibit A, attached to Defendants' Response to Plaintiffs' Objections Filed October 12, 1999 to Magistrate's Order of September 30, 1999 *(Doc. 111)*. Judge Svet subsequently issued an Order excluding from this suit "any testimony of the PBDC [Parents for Behaviorally Different Children] Executive Director [Ms. Delfina Peña Roach] . . . and the use of any material plaintiffs may obtain from PBDC unless and until PBDC submits to the document production and the testimony requested by defendants' counsel." Order Regarding Motion to Compel Production of Documents and Testimony or, in the Alternative, to Exclude Testimony at 1-2, filed September 30, 1999 *(Doc. 99)*.

## III.    Discussion

Plaintiffs contend that the Magistrate Judge clearly erred or acted contrary to law in issuing his Order for two reasons: 1) PBDC cannot be compelled to produce documents pursuant to a notice of deposition; and 2) the Magistrate Judge failed to consider and rule on six discovery objections to Defendants' notice of deposition duces tecum.

*1.     Notice of Deposition*

"[P]retrial production of documents or other materials by a nonparty can be compelled only by a subpoena duces tecum issued pursuant to FED. R. CIV. P. 45(d)(1)." FEDERAL PRACTICE SERIES, DISCOVERY PROCEEDINGS IN FEDERAL COURT VOL. 1 § 9.08 (3d ed.1995) (citing *Jones v. Continental Cas. Co.*, 512 F. Supp. 1205 (E.D. Va. 1981)). The parties do not dispute that Ms. Roach received only a notice of deposition duces tecum in the federal action rather than a subpoena duces tecum. Therefore, as Plaintiffs correctly point out, there exists no mechanism by which this Court may compel Ms. Roach or PBDC to produce documents or other materials for Defendants' inspection. *See Byrd v. Smith*, 927 F.2d 1135, 1137 (10th Cir. 1991) (finding that a nonparty could not be forced to produce documents absent a valid subpoena).

Accordingly, to the extent that the Order attempts to compel the production of documents of Ms. Roach and/or PBDC, it overreaches the discretion of a judicial officer. In this case, however, I find that Magistrate Judge Svet has not done so. While the law requires a valid subpoena before a court may compel production of documents from a nonparty, no similar requirement inheres in a decision to exclude testimony or evidence. In his Order, Judge Svet treated Defendants' Motion as one to exclude testimony, rather than one to compel the production of documents and testimony. Judge Svet neither directly compels Ms. Roach or PBDC to produce documents and testimony, nor does he impose sanctions for failing to do so. Instead, he offers Plaintiffs a choice regarding the testimony of Ms. Roach by placing conditions upon Plaintiffs' use of Ms. Roach's testimony and PBDC's materials. Moreover, Judge Svet specifically allows for reconsideration of his ruling under certain conditions. Because the Magistrate Judge did not compel the production of documents or testimony of a nonparty in the absence of a valid subpoena, his Order is not contrary to law.

## 2. *Plaintiffs' Objections to Defendants' Notice of Deposition*

Plaintiffs contend, without citing any authority, that Judge Svet's Order is clearly erroneous because "there has been no consideration of the merits of PBDC's objections" to Defendants' notice of deposition. Pls.' Objections to Magistrate's Order at 4. Plaintiffs' objections to notice of deposition consist of arguments against producing certain documents.[1] As previously noted, however, Judge Svet's Order does not compel Ms. Roach to produce testimony or documents. Moreover, Plaintiffs presented their objections to discovery in their Response to Defendants' Motion to Compel Production of Documents and Testimony or, in the Alternative, to Exclude Testimony ("Plaintiffs' Response"). While neither Defendants' Motion nor Plaintiffs' Response were filed with the Court, copies of both briefs were submitted to Judge Svet. A subsequent hearing on this Motion further afforded Plaintiffs the opportunity to argue their objections before the Magistrate Judge. Therefore, although Judge Svet did not specifically point to the reasons underlying his Order, it is inaccurate to say that Plaintiffs' objections were not considered in his decision. Importantly, Judge Svet also provided that "[i]f [Plaintiffs] want to use [Ms. Roach] as a witness or material from [PBDC], then we'll revisit this," thus leaving Plaintiffs free to once again raise their objections to discovery at such time that they foresee a need to use Ms. Roach as a witness or require additional materials from PBDC.[2] Transcript of Proceedings, Motion Hearing of September 22, 1999 at 26.

---

[1] Plaintiffs contend that Defendants' requested production would constitute: 1) an undue burden and expense, 2) an unwarranted intrusion into the private affairs of a non-party, 3) a violation of PBDC's members rights to free association, and 4) a violation of attorney-client privilege.

[2] Plaintiffs state that to date, PBDC has produced the same documents for Defendants as for Plaintiffs. *See* Transcript of Proceedings, Motion Hearing of September 22, 1999 at 25.

It is not the role of the district court to substitute its judgment for that of the magistrate judge, but rather to affirm his ruling on a non-dispositive matter that is not clearly erroneous or contrary to law, particularly where it concerns disputes over discovery issues. *See Comeau*, 762 F. Supp. at 1450 (citing *Detection Sys., Inc.*, 96 F.R.D. at 154). Judge Svet could have reasonably concluded that Defendants required access to the materials upon which Ms. Roach based certain allegations in her affidavit statements in order to raise an adequate defense to those allegations. Faced with a nonparty's refusal to produce those materials, and presented with the briefs and argument of both parties on the matter, Judge Svet acted within his discretion in ruling on Defendants' Motion by conditionally excluding Plaintiffs' use of the nonparty's testimony and documents.

Finally, Plaintiffs assert that the Order excluding Ms. Roach's testimony is premature because she is not listed as a witness in this case, nor are they sure whether they will use her as a witness. *See id.* at 26. This issue is moot if Plaintiffs do not intend to use Ms. Roach as a witness in this case or utilize any additional material from PBDC. Further, as noted above, the parties may revisit this issue with Judge Svet should that situation arise.

## IV. Conclusion

Plaintiffs have failed to demonstrate that Magistrate Judge Svet clearly erred or acted contrary to law when he conditionally excluded certain testimony and material in his Order filed on September 30, 1999.

IT IS THEREFORE ORDERED that Plaintiffs' Objections to Magistrate's Order are denied.

DATED this 25th day of January, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

>   Philip C. Gaddy
>   Gaddy & Hall
>   Albuquerque, New Mexico
>
>   Daniel Shapiro
>   Shapiro and Bettinger LLP
>   Albuquerque, New Mexico
>
>   Peter M. Cubra
>   Tara Ford
>   Albuquerque, New Mexico
>
>   Damon B. Ely
>   Albuquerque, New Mexico

Counsel for Defendants:

>   Douglas A. Baker
>   Allen C. Dewey, Jr.
>   Patrick J. Rogers
>   Special Assistant Attorneys General
>   Albuquerque, New Mexico