# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARY JO TAYLOR, as mother and next friend of
her children, J.T., U.T., and T.T., et al., and on
behalf of all others similarly situated,

       Plaintiffs,

  -vs-                                                                                          No. CIV 98-1382 JC/DJS

GARY JOHNSON, Governor of the State of
New Mexico, and ROBIN D. OTTEN, Secretary
Designate of the New Mexico Human Services
Department, in their official capacities.

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Plaintiffs' Motion for Leave to File Second Amended Complaint, filed March 6, 2000 *(Doc. 152)* ("Motion"). Plaintiffs' proposed Second Amended Complaint would accomplish, *inter alia*, the following: 1) change the name of the Secretary of the New Mexico Human Services Department ("HSD") from William Johnson to Robin Otten (Secretary Designate of the HSD); 2) substitute four new Plaintiffs for the dismissal of four current Plaintiffs; 3) dismiss Defendant Governor Johnson; 4) name Ross Becker, the Acting Director of the Medical Assistance Division ("MAD") of the HSD, as a Defendant; 5) delete Plaintiffs' state claims,[1] 6) dismiss Plaintiffs' allegations that do not involve a behavioral or mental health issue; 7) add a claim under § 504 of the Rehabilitation Act; 8) add various factual allegations

---

[1] By my Order of March 22, 1999 *(Doc. 38)*, I remanded Plaintiffs' state law claims to the Second Judicial District for the State of New Mexico.

that have occurred since some of the Plaintiffs' depositions; 9) redefine the proposed class; and 10) reorganize Plaintiffs' claim under Title XIX of the Social Security Act, 42 U.S.C. § 1396 *et seq.* ("Medicaid Act") into nine counts. The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Plaintiff's Motion is well taken in part and will be granted in part.

**I.     Motion to Amend Standard**

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Thus, motions to amend are matters of discretion for the trial court. *See Woolsey v. Marion Lab., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). However, "'[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Proctor & Gamble Co. v. Haugen*, 179 F.R.D. 622, 630 (D. Utah 1998) (quoting *Frank v. U S West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "In the absence of a specific factor, such as flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor to be evaluated in deciding a motion to amend." *Schmitt v. Beverly Health and Rehabilitation Servs., Inc.*, 993 F. Supp. 1354, 1365 (D. Kan. 1998) (quoting *Lange v. Cigna Individual Fin. Servs. Co.*, 759 F. Supp. 764, 769 (D. Kan. 1991)) (internal quotations omitted).

**II.    Discussion**

Plaintiffs move for leave to file a second amended complaint. Defendants do not raise futility as grounds for denying any of Plaintiffs' proposed amendments, but rather oppose Plaintiffs' Motion to Amend because it is "untimely, prejudicial, . . . interposed for improper

purposes, . . . [and] will . . . cause significant delay." Defs.' Resp. to Pls.' Mot. to Amend ("Response"), filed Mar. 6, 2000 *(Doc. 153)*, at 1. Defendants also point out that Plaintiffs did not comply with the local rules when they failed to file a supporting brief with their motion to amend. *See* D.N.M.LR-Civ. 7.5(b). However, "[r]ule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Schmitt*, 993 F. Supp. at 1365 (citing *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). Although Plaintiffs failed to file a supporting brief, they attached a copy of the proposed amended complaint to their motion to amend,[2] and filed a reply to Defendants' response. Therefore, under the facts of this case and in keeping with the principle expressed in *Schmitt*, the Court will exercise its discretion and consider Plaintiffs' motion to amend.

I note that Plaintiffs' proposed amendment substitutes Robin Otten for William Johnson, as the representative officer of the New Mexico HSD. The Court may, at any time, enter an order of substitution whenever a public officer in an official capacity lawsuit is succeeded in office. *See* FED. R. CIV. P. 25(d)(1). In accordance with Rule 25(d)(1), I will substitute Robin Otten for William Johnson as the representative Defendant officer for the New Mexico HSD in this lawsuit.

*Untimeliness/Delay*

"Timeliness is determined by reference to any court-ordered deadline for amending the pleadings." *Proctor & Gamble Co.*, 179 F.R.D. at 630 (citing *Frank*, 3 F.3d at 1366). The Initial Pre-Trial Report in this case provides no deadline for amendment of pleadings. On the one hand, Plaintiffs filed this Motion nearly sixteen months after the Notice of Removal to this Court was filed. *See* Notice of Removal, filed Nov. 9, 1998 *(Doc. 1)*. On the other hand, discovery does not close

---

[2] I note that Plaintiffs' Motion is glaringly deficient in its description of the amendments that Plaintiffs seek.

until May 22, 2000, the deadline for filing pretrial motions is August 7, 2000, and the Pretrial Order is due on August 24, 2000. *See* Second Order Modifying Initial Pre-Trial Report ("Second IPTR"), filed Nov. 15, 1999 *(Doc. 125)*.

While I find that some of Plaintiffs' proposed amendments may result in additional delay and extended deadlines, other changes serve to narrow the scope of the lawsuit. Further, Plaintiffs offer a fairly reasonable explanation for their delay in proposing to dismiss claims that are not related to mental or behavioral health issues. *See* Pls.' Reply to Defs.' Resp. to Mot. to Amend ("Reply"), filed Mar. 6, 2000 *(Doc. 154)*, at 2 (stating that "Defendants produced over 85,000 documents, in October and November" requiring hundreds of hours to review). Moreover, I find that in light of the dismissal of Plaintiffs' purely medical claims, the substitution of four Plaintiffs and one Defendant will not inordinately delay this lawsuit and should not require a drastic overhaul of Defendants' present strategy.

However, Plaintiffs do not offer a satisfactory explanation for their delay in raising a claim under § 504 of the Rehabilitation Act. Plaintiffs contend that the addition of the Rehabilitation Act claim is "simply to protect the Plaintiffs in the event the United States Supreme Court decides that the Americans with Disabilities Act ("ADA") claim cannot be enforced." Pls.' Reply at 5. Notably, Plaintiffs fail to name or cite the case before the Supreme Court that allegedly gives rise to their concern. Moreover, because the Rehabilitation Act claim "is indistinguishable from the existing claim under the [ADA]," Plaintiffs had knowledge of the underlying facts that supported such a claim at the time they filed their initial complaint. *Id.* Despite knowledge of these supporting facts, Plaintiffs chose not to allege a violation of the Rehabilitation Act until now. I find Plaintiffs' explanation inadequate, given their knowledge of the relevant facts coupled with the delay in raising this claim.

*See First Sav. Bank v. U. S. Bancorp*, 184 F.R.D. 363, 369 n.1 (D. Kan. 1998) ("Untimeliness is sufficient cause for denying leave, especially when the movant offers no adequate explanation for the delay.") (citations omitted). Accordingly, Plaintiffs' request to add a claim under the Rehabilitation Act will be denied.

*Improper Purposes/Bad Faith*

Defendants contend that naming the Acting Director of MAD as a defendant and four new plaintiffs is Plaintiffs' attempt "to avoid the pending summary judgment motion." Defs.' Response at 3. However, while courts have denied a party's motion to amend filed after an adverse summary judgment ruling, the Court has not yet ruled on the summary judgment motions in this case.[3] Moreover, a summary judgment ruling in favor of Defendants would not dispose of this lawsuit. Plaintiffs also explain that the addition of four new plaintiffs is an effort to preserve and protect the class through adequate representation. However, Plaintiffs' explanation that the rate of turnover in the position of Secretary of HSD required that Plaintiffs name the MAD director as "a real person to sue" is illogical at best and disingenuous at worst. *See* Pls.' Reply at 5. Likewise, I find it difficult to believe that Plaintiffs became aware of the MAD Director as a potential defendant only after Defendants referred to the position in their motion for summary judgment. However, Defendants do not present evidence, nor even allege, that Plaintiffs knew or should have known about the significance or position of the MAD Director before Defendants filed their motion for summary judgment. Under the circumstances of this case, I do not find that Plaintiffs' motion to amend rises to the level of bad faith.

---

[3] One summary judgment motion addresses the claims of Plaintiff A.S.; the other addresses Plaintiffs' due process claim.

*Prejudice to Defendants*

Finding no flagrant abuse, bad faith, or inordinate delay, I must now consider whether granting Plaintiffs' Motion will prejudice Defendants in this case. "Prejudice under Rule 15 'means undue difficulty in . . . [defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Schmitt*, 993 F. Supp. at 1365 (citations omitted). "The party opposing the amendment has the burden of showing prejudice." *Id.* (citing *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977).

I am unpersuaded by Defendants' argument that "[a] further injustice . . . may occur" because the Plaintiffs will attempt to claim § 1983 attorneys' fees for legal work related to dismissed parties and issues. Defs.' Response at 3. As reflected in Defendants' own words, this argument is sheer speculation. Furthermore, assuming the truth of their argument, Defendants fail to demonstrate how this fact would render the defense of this lawsuit unduly difficult.

I am likewise unpersuaded by Defendants' argument that the proposed changes would make it "impossible" to prepare a defense by the pretrial deadlines for several reasons. First, discovery does not close until May 22, 2000, the deadline for filing pretrial motions is August 7, 2000, and the Pretrial Order is not due until August 24, 2000. *See* Second IPTR. Second, the modified class definition limits the class to those members with mental or behavioral disorders, thereby narrowing the focus of discovery. Third, Plaintiffs' federal claims are predominantly unchanged. Finally, if appropriate, the Court may grant additional time in order to complete any depositions or discovery necessitated by the substitution or addition of parties. With some exceptions, Plaintiffs' proposed "Claims For Relief" section is a reorganization of the identical federal claims contained in the Corrected First Amended Complaint. In their proposed amended complaint, Plaintiffs organize their

Medicaid Act claim into nine counts and add or modify some factual allegations. However, these changes are generally within the scope of the original complaint and should not prejudice Defendants. Moreover, in addition to dismissing Defendant Governor Johnson, Plaintiffs agree to dismiss those Plaintiffs not named in the proposed amended complaint. Thus, Plaintiffs' claims against Defendant Governor Johnson will be dismissed with prejudice. The claims of Plaintiffs A.R. and M.D. will also be dismissed with prejudice, and the claims of Plaintiffs J.T. and N.N. will be dismissed without prejudice.[4]

However, Plaintiffs may file their Second Amended Complaint only with certain modifications. Plaintiffs must delete the words "the medical and/or" and "with serious and chronic conditions" contained in the third sentence of ¶ 20, as these phrases refer to the class that included children without mental or behavioral health disorders. Further, I find that the allegation contained in ¶ 154 of Count One is vague and unsupported by either the current complaint or the proposed amendment. Moreover, the allegation that Defendants did not "reasonably accommodate" Plaintiffs' disabilities indicates that the allegation is inappropriately included as part of Plaintiffs' Medicaid Act claim. Thus, Plaintiffs must delete ¶ 154 of Count One of the proposed Second Amended Complaint. Defendants failed to demonstrate that Plaintiffs' proposed amended complaint will result in undue difficulty in defending this lawsuit. Therefore, Plaintiffs' motion to amend will be granted in part, provided that Plaintiffs effect the modifications as ordered by the Court.

---

[4] Plaintiffs agree to the dismissal of J.T. and N.N. provided that this will not affect their claims in the state court proceeding. *See* Pls.' Reply at 4.

*Allegations of Subsequent Events*

Defendants point out that the proposed amended complaint contains allegations of events that occurred after some of the Plaintiffs were deposed. To the extent that Plaintiffs allege occurrences and events arising subsequent to depositions, I will treat them as a motion to supplement. *See Frank*, 3 F.3d at 1365. "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading" containing allegations of events that have occurred "since the date of the pleading sought to be supplemented." FED. R. CIV. P. 15(d). "The purpose of [Rule 15(d)] is to promote as complete an adjudication of the dispute between the parties as is possible." *First Sav. Bank*, 184 F.R.D. at 368 (internal quotations omitted) (quoting *LaSalvia v. United Dairymen of Arizona,* 804 F.2d 1113, 1119 (9th Cir.1986)).

Plaintiffs claim that any supplemental allegations represent ongoing violations on the part of Defendants. Thus, in the context of proposing an amended complaint, the allegations are appropriately raised in an attempt to fully adjudicate the issues between the parties. Plaintiffs' subsequent allegations may remain in the amended complaint provided that they are clearly identified as such.[5] Any subsequent allegation not so identified will be considered stricken from the complaint. Defendants shall have an opportunity to file an answer to the amended complaint and the identified supplemental allegations.

## III.    Conclusion

In accordance with Rule 25(d)(1), Robin Otten will be substituted for Defendant William Johnson as the representative public officer of the New Mexico HSD. The Court finds no flagrant abuse, bad faith, undue delay, or prejudice to Defendants in partially granting Plaintiffs' Motion to

---

[5] Plaintiffs may identify allegations of subsequent events by means of underlining or bold typeface.

Amend. Plaintiffs' request to add a claim under § 504 of the Rehabilitation Act will be denied. Otherwise, Plaintiffs' proposed Second Amended Complaint may be filed, provided certain modifications are made. Plaintiffs' claims against Defendant Governor Johnson will be dismissed, and the claims of Plaintiffs J.T., N.N., A.R., and M.D. will be dismissed.

Wherefore,

IT IS ORDERED that Robin Otten, Secretary Designate of the Human Services Department, is substituted for Defendant William Johnson.

IT IS ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint *(Doc. 152)* is **granted** in part.

IT IS ORDERED that Plaintiffs' request to amend the complaint to allege a violation of § 504 of the Rehabilitation Act is **denied**.

IT IS ORDERED that Plaintiffs are granted leave to file their proposed Second Amended Complaint, with the following modifications:

1. Delete Count Eleven and all references to § 504 of the Rehabilitation Act or the Rehabilitation Act.
2. Delete the words "the medical and/or" and "with serious and chronic conditions" contained in the third sentence of ¶ 20.
3. Delete ¶ 154 of Count One.
4. The allegations in Plaintiffs' proposed Second Amended Complaint describing events that occurred subsequent to an individual's deposition shall be clearly identified as supplemental pleadings by means of either underlining or bold typeface. Any subsequent allegations not so identified will be deemed stricken from the complaint.

IT IS ORDERED that Plaintiffs' claims against Defendant Governor Johnson are **dismissed** with prejudice.

IT IS ORDERED that the claims of Plaintiffs A.R. and M.D. are **dismissed** with prejudice, and the claims of Plaintiffs J.T. and N.N. are **dismissed** without prejudice.

IT IS ORDERED that the Second Amended Complaint, modified as described in this Order, shall be filed no later than twelve days from the filing date of this Order or it will be denied.

IT IS ORDERED that Defendants shall have twelve days from the date the Second Amended Complaint is filed to file an answer.

DATED this 7th day of April, 2000.

                                                       */s/ John Edwards Conway*
                                        **CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

    Philip C. Gaddy
    Gaddy & Hall
    Albuquerque, New Mexico

    Daniel Shapiro
    Shapiro and Bettinger LLP
    Albuquerque, New Mexico

    Peter M. Cubra
    Tara Ford
    Albuquerque, New Mexico

    Damon B. Ely
    Albuquerque, New Mexico

    Steven F. Granberg
    Albuquerque, New Mexico

    John Newman Carr
    Albuquerque, New Mexico

Counsel for Defendants:

    Douglas A. Baker
    Allen C. Dewey, Jr.
    Patrick J. Rogers
    Special Assistant Attorneys General
    Albuquerque, New Mexico