## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MARY JO TAYLOR, as mother and next friend of her
children, U.T. and T.T., et al., and on behalf of all
others similarly situated,

      Plaintiffs,

      vs.                                                            No. CIV 98-1382 JC/DJS

ROBIN OTTEN, Deputy Secretary of the New Mexico
Human Services Department, and ROSS BECKER, Acting
Director of the Medical Assistance Division of the Human
Services Department, in their official capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendants' Motion for Summary Judgment on Plaintiffs' Due Process Claims ("Motion"), filed February 16, 2000 *(Doc. 144)*. The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendants' Motion is well taken in part and will be granted in part.

**Standard**

Defendant Robin Otten moves for summary judgment on Plaintiffs' due process claims contending that Plaintiffs fail to establish a causal relationship between Defendant's conduct and the alleged constitutional deprivations. Summary judgment should be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The court must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment,

but that party must identify sufficient evidence" that would justify sending the case to trial. *See Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 (1986)).

**Discussion**

*Due Process Claims of E.C., J.D., J.N., U.T., T.T., and R.B.*

The factual background of this case has been described in several previous opinions and does not bear repeating here. In their response brief, Plaintiffs describe the allegations of E.C., J.D.,and J.N., who were not, at that time, named Plaintiffs to this action.[1] Defendants argue that Plaintiffs cannot rely on alleged injuries to these non-plaintiff individuals in order to support their claims of due process violations. Plaintiffs counter by citing to *Pavano v. Shalala*, 95 F.3d 147 (2d Cir. 1996), as the sole authority for their contention that the harms suffered by absent class members are relevant in establishing their claims of due process violations.

The court in *Pavano* describes how the termination of a named representative's claim affects the claims of other class members *See id.* at 149-50 n.4. In contrast, the issue before this Court involves the *establishment* of Plaintiffs' due process claims. Defendants point out that in order to establish their claims, the named Plaintiffs may not rely on the injuries suffered by other unidentifiable class members, but must show personal injury. *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976); *Allee v. Medrano*, 416 U.S. 802, 829 (1974). E.C., J.D., and J.N. were not named Plaintiffs when the parties filed their Motion, Response, and Reply, but rather were putative members of a plaintiff class that has yet to be certified. Under these circumstances, I do not find that Defendants were required to address the allegations of E.C., J.D., and J.N. in their Motion

---

[1] Subsequent to the filing of Defendants' Motion, Plaintiffs filed a Second Amended Complaint, in which they substituted E.C., J.D., J.N., and P.B. for four original Plaintiffs.

or Reply. Likewise, the Court will defer consideration of the due process claims of E.C., J.D., and J.N. at this time.[2] Finally, Plaintiffs point to no evidence that U.T., T.T., or R.B. suffered any due process violations as the result of Defendant Otten's conduct. Consequently, the Court will grant summary judgment in Defendant's favor on the due process claims of Plaintiffs U.T., T.T., and R.B. against Defendant Otten. Thus, the only due process claims remaining for the Court to consider are those of Plaintiffs S.S. and J.M. against Defendant Otten.[3]

*Challenged Documents*

Defendants request the Court to disregard some of the exhibits attached to Plaintiffs' Response because they fail to comply with Rule 56(e) of the Federal Rules of Civil Procedure.[4] "For documents to be admissible for consideration on summary judgment, the offering party must properly authenticate the document and attach it to an affidavit that meets the requirements of Rule 56(e)."[5] *Flor v. O'Leary*, No. CIV 93-1343 JC/WWD, 1996 U.S. Dist. LEXIS 21787 (D.N.M. February 13, 1996). Plaintiffs claim that the challenged documents are self-authenticating and that "Defendants should not be heard to object that the documents they produced are not authentic." Plaintiffs' Surreply in Opp'n to Defs.' Mot. at 2, filed May 23, 2000 *(Doc. 195)*. Although Plaintiffs do not offer any supporting authority for these assertions, they nevertheless attach the affidavits of several persons purporting to authenticate the challenged exhibits. The affidavit of Larry Kronen purportedly

---

[2] I note that this opinion does not address the due process claims of E.C., J.D., J.N., and P.B. against either Defendant, nor does it address the due process claim of any Plaintiff against the Director of the Medical Assistance Division of the HSD.

[3] The Court addressed the due process claims of A.S. in a Memorandum Opinion and Order filed on May 24, 2000 *(Doc. 201)*.

[4] Defendants challenge the authenticity of Exhibits B, C, D, F, H, I, J, K, M, N, O, P, R, T, V, W, X, Y, Z, AA, BB, DD, EE, GG, HH, II, JJ, LL, MM, NN, and PP attached to Plaintiffs' Response.

[5] "[A]ffidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated herein." FED. R. CIV. P. 56(e).

authenticates Exhibits Z, AA, DD, and EE.  Similarly, Anthony Kreuch provides an affidavit to authenticate Exhibits F and K.  Having reviewed these supplemental affidavits, I find that neither person possesses the personal knowledge required in order to testify to the authenticity of these documents.

Plaintiffs also claim that the documents are admissible under Federal Rules of Evidence 803(6) ("business records") and 803(8) ("public records and reports").  However, business records must be authenticated by a custodian of the records, and public records must be authenticated pursuant to Federal Rule of Evidence 901(7).  The affidavits provided fail to authenticate these documents as either business records or public records.  Plaintiffs fail to provide any affidavit to authenticate Exhibit BB.  Consequently, the following exhibits to Plaintiffs' Response fail to meet the requirements under Rule 56(e) and will be disregarded in consideration of this Motion:  F, K, Z, AA, BB, DD, and EE.  The Court accepts the remaining exhibits as authentic for purposes of this summary judgment motion.

*Supervisor Liability Under § 1983*

Plaintiffs apparently bring their § 1983 due process claims against Defendant Otten in her supervisory capacity as Secretary Designate of the New Mexico Human Services Department ("HSD").[6]  Supervisor liability under § 1983, like municipal liability, may not be established under a theory of vicarious liability.  In order to establish Defendant Otten's liability as a supervisor, Plaintiffs "must show that an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, [her] exercise of control or direction, or [her] failure to

---

[6] Plaintiffs contend that the Secretary of the HSD "has the authority to compel the providers of Medicaid managed care services to obey the law."  Pls.' Corrected First Am. Compl. ¶ 21, filed Mar. 19, 1999 *(Doc. 35)*; Pls.' Second Am. Compl. ¶ 20, filed Apr. 19, 2000 *(Doc. 179)*.  Plaintiffs further seek to require Defendant Otten to perform her "supervisory and enforcement role."  Pls.' Resp. in Opp'n to Defs.' Mot. ("Response") at 36 n.8, filed Mar. 15, 2000 *(Doc. 162)*.

supervise." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir.1988) (internal quotations omitted)). Mere negligence is insufficient to establish supervisor liability because in the Tenth Circuit "liability under § 1983 must be predicated upon a deliberate deprivation of constitutional rights by a defendant." *Gates v. Unified Sch. Dist. No. 449*, 996 F.2d 1035, 1043 (10th Cir. 1993) (internal quotations omitted) (quoting *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir.1992)). Thus, supervisors may be liable under § 1983 when their failure to train or supervise constitutes "deliberate indifference" to the constitutional violations of their subordinates. *See Woodward*, 977 F.2d at 1399 (quoting SCHWARTZ & KIRKLIN, SECTION 1983 LITIGATION: CLAIMS, DEFENSES, AND FEES § 7.11 at 386). Supervisor liability may also be established where there exists a complete lack of supervision, or supervision so reckless that future violations are almost certain to occur. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) (citing *Hays v. Jefferson County*, 668 F.2d 869, 873-74 (6th Cir. 1987)).

In this case, Plaintiffs do not sue any of the Managed Care Organizations ("MCOs") or Behavioral Health Organizations ("BHOs") involved in Plaintiffs' care. Rather, Plaintiffs assert that the MCOs involved in the New Mexico Medicaid managed care program are state actors and that Defendant Otten is responsible for their conduct. However, simply assuming that the MCOs' engaged in state action that violated Plaintiffs' due process rights is insufficient to establish a § 1983 claim against Defendant Otten. To the extent that Plaintiffs base their due process claims on Defendant Otten's failure to supervise the conduct of the MCOs, Plaintiffs must demonstrate, at a minimum, that Defendant displayed deliberate indifference to the MCOs' failure to comport with the requirements of due process. Further, Plaintiffs must establish an affirmative link between Defendant Otten's conduct and the MCOs' alleged constitutional deprivations. I find that Plaintiffs' evidence

establishes neither the requisite scienter element of a § 1983 claim nor an affirmative link between Defendant Otten's conduct and Plaintiffs' alleged constitutional deprivations.

*Plaintiffs' Allegations of Inadequate Notice*

Plaintiffs assert that the MCOs failed to provide adequate notice of denials of care, and that this failure is the result of policies approved by Defendant Otten.[7] *See* Pls.' Resp. at 19. However, Plaintiffs' evidence fails to support this assertion. For example, Dr. Avellar, of Value Behavioral Health ("VBH"), describes how VBH care managers negotiate with providers regarding treatment requests in an alleged attempt to avoid notifying the member of a denial of a requested medical service. *See* Letter from Dr. Avellar, Ex. Z attached to Pls.' Resp..[8] While I find this method of handling requests for medical services disturbing, Plaintiffs provide no evidence that Defendant demonstrated indifference to or approved of this practice. Nor do Plaintiffs point to evidence of a constitutional deprivation resulting from the HSD's alleged approval of this practice. Although S.S. and J.M. both assert that they were denied care without receiving adequate notice, they do not contend that they failed to receive notice because of the negotiated care techniques described by Dr. Avellar.

Assuming its authenticity, Plaintiffs' Exhibit DD likewise fails to suggest Defendant's liability. Plaintiffs do not identify the individuals named in this memorandum exhibit, nor do any letterhead or titles indicate its origin. Thus, it is impossible to determine from examining this exhibit whether Defendant Otten or the HSD ever reviewed the memorandum. Nor is it clear whether the allegedly

---

[7] Plaintiffs also claim that Defendant violates due process by failing to provide fair hearings. However, in Plaintiffs' Response brief, J.N. is the only individual who presents evidence of a fair hearing violation. As previously noted, the Court will not address the allegations of J.N. because he was not a named Plaintiff when this Motion was briefed.

[8] Although Plaintiffs failed to authenticate Dr. Avellar's letter, I assume its authenticity for the purpose of illustrating its inadequacy as a basis for establishing Defendant's liability under § 1983.

deficient denial notices attached to the memorandum were ever utilized by any MCO. Finally, Plaintiffs do not allege that anyone received, or was harmed by the receipt of, one of these notices. Rather, Plaintiffs S.S. and J.M. allege that their MCOs either did not provide notice at all, or failed to provide written or timely notice of the denial of a request for medical care.

Plaintiffs also claim that the regulations promulgated by Defendant do not require the MCOs to provide adequate notice. In particular, Plaintiffs allege that 8 NMAC 4.MAD.606.11.2.4, which requires the MCOs to mail a copy of its final grievance decision "to the member or provider . . . and all those parties affected by the decision," permits the MCOs "to effectively circumvent the Medicaid recipient's right to notice of the outcome of his or her grievance." Pls.' Resp. at 46. However, Plaintiffs do not explain how one could reasonably interpret this regulation as allowing an MCO to exclude the Medicaid recipient as an affected party. The requirement that the MCO mail a copy of its decision practically guarantees that the notice will be written. However, Defendants point out that the regulations were recently amended to expressly define notice to mean "a written statement." 8 NMAC 4.MAD.970.1. Thus, to the extent that the MCOs may have failed to provide written denial notices as a result of MAD regulations, that alleged deficiency has now been remedied.

*Due Process Claim of S.S.*

Plaintiff S.S. claims that his MCO, Cimarron, orally refused the request of his entire treatment team that he be transferred to a long-term residential treatment facility for treatment of a brain injury. *See* Pls.' Resp. at 14. Plaintiffs also contend that an unsuccessful grievance was filed with both Cimarron and the HSD. *See id.* Plaintiff's evidence, authentic or not, does not indicate that a grievance was filed with HSD on behalf of S.S. However, S.S.'s due process claim centers not on the grievance process, but rather on Cimarron's failure to provide advance written notice of the denial of his treatment request. *See id.* This claim fails for at least three reasons.

First, although advance notice is possible when an MCO is considering a reduction, suspension, or termination of a recipient's current level of care or services, that is simply not the case where an MCO intends to deny a provider's request for medical services. A provider's request for treatment cannot be denied before it has been made, thus advance notice is not possible. Second, as previously noted, state regulations now specifically require an MCO to provide written notice of a denial of a request for medically necessary services. Thus, assuming that the original regulations permitted a verbal notice of denial, the amended regulations remedy that deficiency. Finally, Plaintiffs fail to demonstrate a causal nexus between the alleged inadequate notice provided by Cimarron and the conduct of Defendant Otten. Plaintiffs indicate that Cimarron's failure to provide adequate notice of the denial of a treatment request occurred sometime between June of 1997 and February of 1998. Even assuming the authenticity of the Response exhibits, Plaintiffs' evidence does not establish that Defendant had knowledge of any inadequate notices until March of 1998. *See* Memorandum, Ex. AA attached to Pls.' Resp. Thus, Plaintiffs cannot establish the affirmative link needed between Defendant's conduct and the alleged constitutional violation suffered by S.S. in order to maintain his due process claim under § 1983. Consequently, I will grant summary judgment as to Plaintiff S.S.'s due process claim against Defendant Otten.

*Due Process Claim of J.M.*

Plaintiffs allege that J.M.'s MCO, Presbyterian Salud ("Salud"), did not provide any notice denying repeated requests for medically necessary services. However, Plaintiff J.M.'s allegations fail to invoke due process protections because the evidence does not establish that Defendant's conduct deprived J.M. of a protected property interest. As a Medicaid recipient, J.M. is entitled to receive "medically necessary health services furnished by medical providers who participate in Medicaid." 8 NMAC 4.MAD.601 (citing 42 C.F.R. § 440.210; NMSA 1978 § 27-2-16). Under the facts of

this case, I do not find that Plaintiff J.M. was deprived of an identifiable medically necessary health service.

Plaintiffs present evidence that on several occasions J.M.'s Next Friend, April Land, requested Salud to provide medically necessary services to J.M. However, there is no indication that any of these requests were made by or through any of J.M.'s health care providers. In fact, there is no evidence that anyone other than J.M.'s Next Friend requested these services from Salud. Moreover, except for one request to transfer J.M. to "an appropriate mental health facility," Plaintiffs do not specifically indicate what services J.M. required or what services were requested.[9] Nothing indicates that J.M.'s Next Friend is a member of his treatment team or is otherwise qualified to evaluate J.M.'s health care needs and request specific medical services.

Although Plaintiff provides evidence that Salud failed to respond to the requests of J.M.'s Next Friend, there is insufficient evidence that a request for medically necessary health services was made on J.M.'s behalf. Thus, I find that Plaintiffs' evidence regarding J.M. fails to establish a legitimate claim of entitlement to a particular service that would invoke due process protections. *See Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *e.g., American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999) (finding no property interest in reimbursement for medical treatment where employees failed to establish the medical treatment as reasonable and necessary). Finally, even assuming that Salud violated J.M.'s due process rights, Plaintiffs do not establish an affirmative link between Defendant Otten's conduct and the failure of Salud to provide J.M. with notice. Therefore, I will grant summary judgment as to Plaintiff J.M.'s due process claim against Defendant Otten.

---

[9] There is evidence that J.M.'s psychiatrist believes that incarceration is detrimental to J.M.'s mental health and that "alternate placement . . . is a critical issue." Letter from Dr. Tengco, Ex. V attached to Pls.' Resp. However, Dr. Tengco's letter contains no specific treatment recommendations, nor is there evidence that Dr. Tengco requested any medical services from Salud.

*Summary Judgment is not Premature*

Finally, Plaintiffs argue that summary judgment is premature at this stage "because discovery is actively ongoing." Pls.' Resp. at 47.  However, Plaintiffs fail to indicate how further discovery will support or further their allegations of due process violations.  Nor do Plaintiffs point out how more discovery will assist them in responding to Defendants' Motion.  Thus, I do not find it premature to issue a summary judgment ruling on the due process claims of Plaintiffs U.T., T.T., R.B., S.S., and J.M. against Defendant Otten.

**Conclusion**

The Court finds that Defendants' Motion is well taken in part and will be granted in part. Plaintiffs U.T., T.T., R.B., S.S., and J.M.'s due process claims against Defendant Robin Otten, in her capacity as Secretary Designate of the New Mexico HSD, will be dismissed with prejudice.  The Court will defer consideration of the due process claims of E.C., J.D., and J.N.

Wherefore,

IT IS ORDERED that Defendants' Motion for Summary Judgment on Plaintiffs' Due Process Claims *(Doc. 144)* is **granted in part**.  The due process claims of Plaintiffs U.T., T.T., R.B., S.S., and J.M. against Defendant Robin Otten, in her capacity as Secretary Designate of the New Mexico HSD, are **dismissed** with prejudice.

DATED this 4th day of August, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

>Philip C. Gaddy
>Gaddy & Hall
>Albuquerque, New Mexico
>
>Daniel Shapiro
>Shapiro and Bettinger LLP
>Albuquerque, New Mexico
>
>Peter M. Cubra
>Tara Ford
>Albuquerque, New Mexico
>
>Damon B. Ely
>Albuquerque, New Mexico
>
>Steven F. Granberg
>Albuquerque, New Mexico
>
>John Newman Carr
>Albuquerque, New Mexico

Counsel for Defendants:

>Douglas A. Baker
>Allen C. Dewey, Jr.
>Patrick J. Rogers
>Special Assistant Attorneys General
>Albuquerque, New Mexico