IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY JO TAYLOR, as mother and next friend of her
children, U.T. and T.T., et al., and on behalf of all
others similarly situated,

        Plaintiffs,

        vs.        No. CIV 98-1382 JC/DJS

ROBIN OTTEN, Deputy Secretary of the New Mexico
Human Services Department, and ROSS BECKER, Acting
Director of the Medical Assistance Division of the Human
Services Department, in their official capacities,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes on for consideration of Defendants' Motion to Limit Plaintiffs' Witness and Exhibit List and for Dismissal of Named Plaintiffs A.S., J.M., E.C., J.D. and P.B. ("Motion to Limit"), filed on June 12, 2000 *(Doc. 208)*, and Defendants' Motion to Strike Affidavit of Tony Kreuch and Prohibit Trial Testimony of Tony Kreuch and to Strike a Document Reportedly Authored by Dr. Joseph W. Avellar ("Motion to Strike"), filed July 13, 2000 *(Doc. 317)*. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds that Defendants' Motion to Limit is not well taken and will be denied. The Court further finds that Defendants' Motion to Strike is not well taken and will also be denied.

**I.**    **Motion to Limit**

Defendants move the Court for an order requiring Plaintiffs to provide "specific, realistic, non-duplicative and non-evasive Answers to Defendant Robin Otten's Second Set of Interrogatories

to Plaintiffs." *Id.* at 1.[1]  In their Motion to Limit, Defendants request the Court to: 1) reduce the numbers of certain of Plaintiffs' proposed witnesses, 2) require Plaintiffs to set forth, in detail, the proposed testimony of certain witnesses, 3) eliminate duplicative names and testimony, 4) strike three Children's Court Judges from Plaintiffs' proposed witness list and 5) dismiss Plaintiffs E.C., J.M., J.D., A.S. and P.B. from this case if Plaintiffs do not make them available for deposition.  *See* Defs.' Mem. Br. in Supp. of Defs.' Mot. at 5-6.

Plaintiffs respond that Defendants' Interrogatories prematurely seek a list of Plaintiffs' trial witnesses and exhibits, pointing out that September 8, 2000 was set as the deadline for submitting a Pre-Trial Order listing trial witnesses and exhibits.[2]  Plaintiffs contend that for certain questions, they were unable to determine whether any one witness could testify as to all relevant matters, because discovery was ongoing at the time they answered the Interrogatories.  Moreover, Plaintiffs indicate that the names and locations of some of the proposed witnesses are unknown, and will be provided to Defendants once that information is available to Plaintiffs.  Plaintiffs also state that they will be able to supplement their Interrogatory Answers after they complete a 30(B)(6) deposition of HSD and review some recently produced discovery materials.  Thus, Plaintiffs essentially offer to provide the supplemental answers and revised witness list that Defendants seek in requests one through three above, rendering these requests moot.  I note that Defendants would have been aware of this offer had they consulted with Plaintiffs as required pursuant to D.N.M.LR-Civ. 7.2(a).

---

[1] Although Defendants state that a copy of Plaintiffs' Answers is attached, *see* Defs.' Mem. Br. in Supp. of Defs.' Mot. to Limit at 1, filed Jun. 12, 2000 *(Doc. 209)*, I note that no copy is attached to Defendants' materials provided to Chambers.  Further, a review of the Court docket (ACE) indicates that no supplemental materials are electronically filed or scanned as attachments to Document Nos. 208 or 209.

[2] The deadline for submitting the Pre-Trial Order has been re-set to September 20, 2000.  *See* Order for Extension to File Pre-Trial Report, filed September 6, 2000 *(Doc. 335)*.

Defendants also object to Plaintiffs listing three Children's Court Judges as proposed trial witnesses, asserting that: 1) Plaintiffs intend to use the Judges as expert witnesses while avoiding the requirements for presenting expert testimony, and 2) Plaintiffs did not provide a sufficiently specific summary of the Judges' expected testimony. Plaintiffs insist that they will not use the Judges as expert witnesses and intend to elicit from them only fact testimony. As previously noted, Plaintiffs indicate that they will provide supplemental Answers to Defendant Otten's Interrogatories, including a revised witness list, following their review of recently produced discovery documents. Thus, Defendants' objections based on insufficiently specific summaries of testimony are premature. Furthermore, I find that Defendants' concerns over whether these witnesses will present improper expert testimony can be adequately addressed through a motion in limine or at trial. Consequently, Defendants' request to strike the Children's Court Judges as witnesses will be denied.

Finally, Defendants' request to dismiss E.C., J.M., J.D., A.S. and P.B. from this suit is rendered moot by Judge Svet's protective order filed on July 28, 2000. As noted in that order, these five individuals will not be witnesses nor testify at trial. Thus, Defendants' request that this Court order the depositions of E.C., J.M., J.D., A.S., and P.B. or dismiss them from this case will be denied.

**II.     Motion to Strike**

    A.     <u>Request to Strike Affidavits and Testimony of Dr. Tony Kreuch</u>

Defendants contend that Dr. Kreuch's affidavits and trial testimony should be prohibited because Plaintiffs' counsel have "stymied" and "denied" their attempts to depose Tony Kreuch. Defendants also complain that the content of Dr. Kreuch's written statements and affidavits are in conflict. Further, Defendants claim that Dr. Kreuch's testimony should be excluded because of Dr. Kreuch's belief that it is inappropriate for him to be involved in this case.

I am not persuaded by Defendants' arguments.  Defendants offer insufficient evidence that Plaintiffs prevented them from deposing Dr. Kreuch.  Defendants also fail to address Plaintiffs' assertion that it is Defendants' responsibility, pursuant to FED. R. CIV. P. 45, to insure Dr. Kreuch's appearance if they wish to obtain his deposition testimony.  Defendants' complaints about Dr. Kreuch's conflicting statements are concerns that may be addressed at trial.  Finally, Defendants do not clearly explain how Dr. Kreuch's beliefs regarding the appropriateness of his participation in this matter justify prohibiting his testimony at trial.  For these reasons, Defendants' request to strike Dr. Kreuch's affidavits and to prohibit his testimony at trial is premature and will be denied.  Similarly, Defendants request to strike Exhibits B, E, F, H, I, J, and K is premature and will also be denied.

      B.     <u>Request to Strike Letter of Dr. Joseph W. Avellar</u>

Defendants move the Court for an order to strike the use of a document they refer to as "Plaintiffs' Response Brief, Exhibit Z," a letter purportedly written by Dr. Joseph Avellar.  Defs.' Mot. to Strike at 3.  Defendants complain that Dr. Avellar's letter is confusing and lacks support.  However, Defendants do not specifically indicate what portions of the letter they find objectionable.  Defendants also seem to argue that Plaintiffs are unable to locate the alleged author of the letter, and thus, they cannot authenticate the document.  Once again, I find Defendants' objections to be premature.

Defendants cite a previous Opinion in which I disregarded Dr. Avellar's letter because it "fail[ed] to meet the requirements under Rule 56(e)."  Mem. Op. and Order at 4, filed Aug. 4, 2000 *(Doc. 260)*.  However, in that Opinion I clearly indicated that the letter was insufficient evidence *for the purpose of considering the motion that was the subject of that Opinion*.  That finding did not preclude Plaintiffs from attempting to introduce Dr. Avellar's letter for other purposes.  Thus, I find

Defendants' assertion that this Court has ruled the letter "not admissible" to be disingenuous, at best. Defendants fail to provide sufficient justification for striking Dr. Avellar's letter at this time. Should Plaintiffs attempt to introduce Dr. Avellar's letter into evidence, any foundational problems may be addressed at that time. Consequently, Defendants' request that the Court strike the letter purportedly authored by Dr. Avellar will be denied.

### III.    Conclusion

Defendants do not demonstrate sufficient grounds to limit Plaintiffs' witness and exhibit lists, or to dismiss Plaintiffs A.S., J.M., E.C., J.D., and P.B. Defendants do not present adequate justification to strike the testimony of Dr. Kreuch or to strike the letter allegedly written by Dr. Avellar. Consequently, Defendants' Motion to Limit and Defendants' Motion to Strike will be denied.

Wherefore,

IT IS ORDERED that Defendants' Motion to Limit Plaintiffs' Witness and Exhibit List and for Dismissal of Named Plaintiffs A.S., J.M., E.C., J.D. and P.B.*(Doc. 208)* is **denied**.

IT IS ALSO ORDERED that Defendants' Motion to Strike Affidavit of Tony Kreuch and Prohibit Trial Testimony of Tony Kreuch and to Strike a Document Reportedly Authored by Dr. Joseph W. Avellar *(Doc. 317)* is **denied**.

*John Edwards Conway*
**UNITED STATES DISTRICT JUDGE**